UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                        Case No. 14-CR-197

**ROBERTO VELEZ-LOZADA,**

    Defendant.

### DECISION AND ORDER ON DEFENDANT'S
### PRETRIAL MOTION TO SEVER COUNT TWELVE

On December 2, 2014, a federal grand jury in the Eastern District of Wisconsin returned a twelve count superseding indictment against nine defendants. Roberto Velez-Lozada ("Velez-Lozada") is charged in Count Twelve with conspiring to use a facility of interstate commerce with the intent that a murder be committed, in violation of 18 U.S.C. § 1958 and 2. (Docket # 72.) Velez-Lozada was arraigned on the charge and entered a plea of not guilty. The case has been designated as complex and jury trial before the Honorable Rudolph T. Randa has not yet been scheduled.

Velez-Lozada has filed a pretrial motion requesting severance of Count Twelve from the superseding indictment. (Docket # 115.) Velez-Lozada argues that Counts One through Ten of the superseding indictment charge individuals with conspiracy to distribute controlled substances, including heroin, as well as charge individual cases of distribution of heroin by the various defendants. Count Eleven charges defendant Yandi Ponce de Leon ("Ponce de Leon") with a 18 U.S.C. § 1958 violation and Count Twelve, as stated above, charges Velez-Lozada with a violation of 18 U.S.C. § 1958. Velez-Lozada states that while monitoring telephone calls during the course of the alleged heroin conspiracy, authorities alleged that they heard what they believed to be a plot between Ponce de Leon and Velez-Lozada to have an individual murdered. Velez-Lozada argues

that the discovery does not show any involvement by Velez-Lozada in any of the drug activities charged in the superseding indictment. Further, Velez-Lozada states that the discovery makes clear that the alleged plot to murder the individual was not connected in any way to the activities giving rise to the drug counts. Thus, Velez-Lozada argues that while he is properly joined in the superseding indictment with Ponce de Leon as it relates to Counts 11-12, he has been misjoined with all other defendants charged in the drug counts in the superseding indictment. As such, Velez-Lozada argues that joinder of his trial with that of his co-defendants charged in the drug counts is improper under Fed. R. Crim. P. 8(b) because the murder for hire allegations do not "well-up" out of the drug counts, pursuant to *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). Velez-Lozada further argues that pursuant to Fed. R. Crim. P. 14(a), joinder of his trial with the co-defendants charged in the drug conspiracy will prejudice the jury. The government states that it does not object to an order providing that if Velez-Lozada's case or Ponce de Leon's case proceeds to trial, Counts 11 and 12 of the superseding indictment will be tried separately from the remaining drug trafficking counts. (Docket # 123.) For the reasons articulated by Velez-Lozada and because the government does not oppose the motion, Velez-Lozada's motion is granted.

**NOW, THEREFORE, IT IS ORDERED** that Velez-Lozada's Motion to Sever Count Twelve (Docket # 115) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to

file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of May, 2015.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge